UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RICKY MOTT; ABC MINING,

      Plaintiffs,

   -against-

JUDGE SEAN LANE, UNITED STATES
BANKRUPTCY COURT; ATTORNEY
SCHELL; ATTORNEY MANZANO; PARK
HOUSE PLAZA LLC; RGN NEW YORK
XXX LLC; TIM; DEANDRA HARDY; JUDGE
ZELAN; CLERK OF THE CITY COURT OF
NYC; CLEANING TEAM WORKING AT
SITE 400; PARK HOUSE PLAZA SECURITY
TEAM; PARK HOUSE CONSTRUCTION
MAMAGEMENT LLC; ASSOCIATE
MANAGER 5TH FLOOR SUITE 500 NYC
NY; CLERK OF COURT US SDNY,

      Defendants.

25-CV-2771 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, proceeding *pro se,* has filed an "emergency judicial notice" seeking:

(1) issuance of restraining orders "against the defendants to prevent further intimidation and

illegal actions against ABC Mining and its staff"; (2) a declaratory judgment "affirming that the

defendants' actions are unlawful and in violation of the plaintiffs' civil and constitutional rights";

(3) an "injunction to halt the defendants' ongoing discriminatory practices and to protect the

plaintiffs' rights to due process and legal protection"; and (4) "emergency issuance of the

summons and complaint to prevent further violations and to ensure the plaintiffs' rights are

upheld." (ECF 12 at 5-7.)

  To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm

and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious

questions going to the merits to make them a fair ground for litigation and a balance of hardships

tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F.3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2d Cir. 2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff's submissions do not demonstrate: (1) a likelihood of success on the merits, or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. Accordingly, Plaintiff's request for an "emergency judicial notice" (ECF No. 12) is denied. The Court will issue an explanatory order at a later date.

## CONCLUSION

Plaintiff's request for an "emergency judicial notice" and issuance of restraining orders, a declaratory judgment, an injunction, and emergency issuance of summonses (ECF No. 12) is denied. The Clerk of Court is directed to terminate the motion.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    April 15, 2025
          New York, New York

                              /s/ Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              Chief United States District Judge

2